Hyman, C. J.
Under this title, the administrators of the succession of Celia H. Burton, deceased, filed a final account of their administration of 'the succession, which was opposed by George W. Amacker, on the ground that he was entitled to one-fourth of the succession in usufruct, the marital portion.
He prayed that the account be so amended and corrected as to allow him this portion.
E. P. Ellis was one of the attorneys, who signed the opposition of Amacker.
On the 5th May, 1864, a final judgment was rendered, recognizing opponent’s marital portion to amount to $2,309 93, and ordering the same to be paid to him, to be by him held in usufruct, etc.
This judgment was not signed.
On the 26th day of October, 1866, the opponent took a rule on the administrators, for them to show cause why the decree should not be signed nunc pro lunc.
One of the grounds taken by the administrators, in answer to the rule and in opposition thereto was, that E. P. Ellis, the Judge before whom the rule was to be tried, was the attorney for the opponent in obtaining the judgment sought to be rendered executory by his signature.
On the 20th of November, 1866, E. P. Ellis, the Judge, ordered the rule to be made absolute, and signed the judgment purporting to have been rendered on the 5th May, 1864.
The administrators have appealed.
*382 The law, for wise purposes, has declared that, the parties may refuse to have their cause tried before a Judge, who has been employed or consulted as an advocate in the cause. See Code of Practice, Articles 337 and 338.
Our opinion is, that Judge Ellis had no jurisdiction of the cause after the administrators had attempted to recuse him. He had no right to decide on the rule, nor to sign the judgment. -His duty was to refer the case to a competent Judge.
Let the judgment of the District Court be reversed, and let the case be remanded to be proceeded with according to law.